DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Steven Carter, was convicted of two counts of rape of a person less than thirteen years of age. Because we find that appellant's sentence is not contrary to law, we affirm.
On February 15, 2000, appellant was sentenced to two consecutive nine year terms in prison for two counts of rape, violations of R.C.2907.02(A)(1)(b) and felonies of the first degree. On appeal, appellant asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED IN IMPOSING SENTENCE BASED ON IMPROPER CONSIDERATIONS, WHOLLY UNSUPPORTED BY EVIDENCE, INCLUDING (1) THAT MR. CARTER COMMITTED ADDITIONAL SIMILAR OFFENSES; (2) THAT THERE WAS PHYSICAL EVIDENCE OF ABUSE; AND (3) THAT MR. CARTER WAS A SEXUAL PREDATOR.
 "II. THE PROSECUTOR VIOLATED MR. CARTER'S RIGHTS TO THE PLEA BARGAIN HE ENTERED WHEN SHE ENCOURAGED THE TRIAL COURT TO IMPOSE A STIFF SENTENCE.
 "III. THE TRIAL COURT COMMITTED ERROR WHEN IT IMPOSED CONSECUTIVE AND NEARLY MAXIMUM SENTENCES FOR THE TWO COUNTS OF RAPE.
 "IV. THE IMPOSITION OF CONSECUTIVE SENTENCES WITHOUT A SPECIAL FINDING BEYOND A REASONABLE DOUBT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS AND TRIAL BY JURY AS RECOGNIZED IN APPRENDI V. NEW JERSEY (2000), 530 U.S. 466.
In his first assignment of error, appellant contends that the court erred in considering unsupported evidence when sentencing appellant.
R.C. 2929.19(B)(1) states that before sentencing, the court shall conduct a sentencing hearing and: "shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 [2947.05.1] of the Revised Code.
First, appellant contends that the judge erred in considering the fact that appellant had committed additional similar offenses. At the plea hearing, the judge asked the prosecutor to summarize the nature of the evidence that would have been presented against appellant had appellant's case proceeded to trial. The prosecutor explained that they would have proved beyond a reasonable doubt that between 1997 and 1999 appellant engaged in sexual conduct, "on many occasions," with his minor stepdaughter. The prosecutor noted that as a result of the plea bargain, she was only focussing on two of the incidents. As this information presented by the prosecutor is part of the record, the court did not err in considering it.
Next, appellant contends the judge erred in considering the fact that there was physical evidence that appellant's stepdaughter had been sexually abused. This evidence came in the form of a deposition of a clinical nurse specialist who specialized in child sexual abuse. At the beginning of the deposition, the judge stated on the record that the deposition was being taken for Case No. 99-2699 and Case No. 99-2488. Case No. 99-2488 is the trial court case number of the case before us. The deposition has a file stamp date of December 28, 1999 which was prior to appellant's sentencing. As the expert's deposition along with various exhibits were a part of the record below, the trial judge did not err in considering the physical evidence of sexual abuse.
Finally, appellant contends that the judge erred in referring to appellant as a "predator" during sentencing when in fact the judge declined to classify appellant as a sexual predator pursuant to R.C.2950.09. A defendant classified as a sexual predator pursuant to R.C.2950.09 is subject to a more stringent set of rules than a defendant who receives the lesser classification of sexually oriented offender. The judge in this case classified appellant as a "sexually oriented offender." While the judge may have erred in using the term "predator" when sentencing appellant, such error is harmless as appellant was not classified a "sexual predator" by law. Appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that he was prejudiced when the prosecutor violated the terms of the plea agreement. Specifically, appellant contends that the prosecutor agreed not to recommend a sentence for appellant. Appellant contends that the prosecutor essentially recommended a lengthy sentence when she told the judge that "leniency was given in the form of this plea" and that appellant's crimes were "quite egregious" given the age of the victim.
There is no evidence in the record of any such agreement between the prosecutor and appellant. Appellant's counsel did not object to the prosecutor's comments at sentencing. Moreover, at the plea hearing, the judge asked appellant:
 "Has anybody promised you anything aside from the fact that the State says they will dismiss counts 1, 2, 3, 4, 7, and 8 in Case No. 99-2248 and they will dismiss all of the charges in Case No. 99-2699 at the time of sentencing? Have there been any other promises made to get you to enter these pleas?
"Appellant: No, sir.
"The Judge: Has anybody threatened you at all?
"Appellant: No, sir."
Finding appellant's argument is without merit, appellant's second assignment of error is found not well-taken.
Citing R.C. 2929.11(B), appellant, in his third assignment of error, contends his sentence is contrary to law.
R.C. 2929.11(B) states:
 "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
Appellant first contends his sentence is inconsistent with the sentence handed down in State v. Beranek (Sept. 22, 2000), Lucas App. No. L-99-1173. Beranek was sentenced to prison for sixteen years for two counts of attempted rape and one count of rape of a child less than thirteen years of age. We reject appellant's contention that his sentence should be consistent with the Beranek sentence given the fact that Beranek was convicted on two counts of a lesser included offense of rape. We further reject appellant's contention that his sentence should be consistent with the sentence handed down in State v. Shiffler, Lucas C.P. No. CR01-1221 wherein the defendant was convicted on two counts of rape and one count of gross sexual imposition. In Shiffler, the defendant received a three year prison term. However, this court reversed the Shiffler case on the basis of the defendant's sentence. See Statev. Shiffler, Lucas App. No. L-01-1272, 2002-Ohio-122. Appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant contends that the court erred in imposing consecutive sentences without a special finding by a jury.
In support, appellant cites Apprendi V. New Jersey, (2000), 530 U.S. 466. The United States Supreme Court in Apprendi held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Apprendi
involved a New Jersey statute that permitted the trial court to increase the maximum sentence from ten to twenty years if the crime was motivated by the race of the victim. Thus, the Court held in that case that Apprendi was entitled to a jury determination of the factual issue of whether his crime was motivated by race.
Appellant was sentenced to two eight year consecutive sentences for an aggregate total of 16 years in prison. The statutory maximum penalty for one count of rape is ten years. Applying the reasoning from Apprendi, id., appellant contends that before the judge in this case could sentence him to prison for six more years than the statutory maximum sentence for one count of rape, he was entitled to a jury determination as to whether the extra incarceration time was warranted. We disagree. The holding inApprendi, id., pertains to a penalty enhancement of one offense for which the defendant was then required to serve more than the statutory maximum. In this case, appellant was sentence to serve eight years for each count of rape. Neither individual sentence exceeds the statutory maximum penalty of rape. Accordingly, appellant's fourth assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.